HUB DAIRY CO-OPERATIVE, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*November 3—November 29, 1960.*

48

For the appellant there was a brief by *Harold Jordan* of St. Paul, Minnesota, and oral argument by *Mr. Jordan* and *Mr. Walter P. Ela* of Madison.

For the respondent Industrial Commission the cause was argued by *John H. Bowers,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Mortimer Levitan,* assistant attorney general.

FAIRCHILD, J.  Sec. 102.57, Stats., provides:

"Where injury is caused by the failure of the employer to comply with any statute or any lawful order of the commission, compensation and death benefits as provided in this chapter shall be increased 15 per cent. Failure of an employer reasonably to enforce compliance by employees with such statute or order of the commission shall constitute failure by the employer to comply with such statute or order."

As stated in the findings of the examiner, a Safety Order, sec. Ind 1.44, 2 Wis. Adm. Code, requires that eye protection shall be provided where persons are exposed to any hazard which may reasonably be expected to cause injury to the eyes. Portions of the section other than those quoted require the use of such eye protection. Failure reasonably to require the employee to use the protection is itself failure to comply with the order. Plaintiff employer does not contend otherwise.

Plaintiff does not appear to challenge the findings which indicate that the mixing of the Western compound presented a hazard which may reasonably be expected to cause injury to the eyes. There is evidence to support such findings. While there was much-less danger if cool water were used and the compound added slowly, the 12 pounds of compound to be mixed was an unusually large amount, and there was no proof that Brown was instructed to return to the use of cooler water.

The gist of plaintiff's argument is that there can be no finding of failure reasonably to enforce the order without a finding "that there were occurrences of noncompliance by employees generally antecedent to the accident, of which

the employer had knowledge or should have had knowledge, and failed to take measures reasonably to correct such noncompliance."

Plaintiff's position would be well taken if the employees had been instructed to use goggles when mixing all boiler compounds, had complied, and then Brown without the knowledge of the employer, had failed to use them and been injured as a result. Although there was testimony by the foreman that he had told Brown and all the other employees involved that they must use goggles when "mixing anything at all," and that after that he observed Brown wearing goggles when mixing the Drew compound, there was testimony tending to support the finding that the instruction was given with respect to the Drew compound, but not the Western compound. Brown testified that he had not been instructed to wear goggles when mixing the Western compound; that he used them for the Drew compound because that was the way he understood the instructions. The foreman admitted he did not tell Brown to wear goggles when he was mixing Western after they finished using Drew. He testified that although it was customary to use goggles and gloves when handling the Drew compound, neither he nor Brown used them on the day of the accident when they went to the storeroom to get the Western compound.

We conclude that the findings are supported by the evidence.

*By the Court.*—Judgment affirmed.